UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMY NEELEY and DAVID NEELEY,**                                    **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                        CIVIL ACTION NO.: 3:21-cv-786-DPJ-FKB

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**                          **DEFENDANTS**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
      DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

      Hon. Zack Wallace
      P.O. BOX 327
      Jackson, MS 39205
      *HINDS COUNTY CIRCUIT CLERK*

      David Baria
      COSMICH, SIMMONS & BROWN, PLLC
      544 Main Street
      Bay St. Louis, MS 39520

      J.R. Whaley (pending admission *pro hace vice*)
      6700 Jefferson Highway
      Building 12, Suite A
      Baton Rouge, LA 70806

      William D. Marler (pending admission *pro hac vice*)
      MARLER CLARK, LLP, PS
      1012 First Avenue, Suite 500
      Seattle, WA 98104
      *ATTORNEYS FOR PLAINTIFF*

<u>**NOTICE OF REMOVAL**</u>

Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake

Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"), by and through

its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notifies this

Court that it is removing the above captioned action currently pending in the Circuit Court of

Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division.  In support of this Joint Notice of Removal, Defendant states as follows:

**I.      The Complaint did not affirmatively reveal on its face that the case was removable.**

1.      The federal district court has original subject matter jurisdiction over all "civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

2.      On or about August 24, 2021, Plaintiffs Amy Neely and David Neeley, individually and on behalf of their minor child, J.N. ("Plaintiffs") filed this lawsuit against Defendant in the Circuit Court of Hinds County, Mississippi, Case No. 21-521.  *See* Complaint (State Court Doc. No. 2).[1]

3.      Defendant was timely served with a copy of the Summons and Complaint and timely filed its Answer and Affirmative Defenses on October 29, 2021. *See* Answer (State Court Doc. No. 5).

**A.  For purposes of diversity jurisdiction, the "diversity of citizenship" requirement is met in this case.**

4.      Plaintiffs "reside and are domiciled in Jackson, Hinds County, Mississippi," and "[t]herefore, Plaintiffs are citizens of the State of Mississippi" for purposes of diversity jurisdiction. *See* Complaint (State Court Doc. No. 2) at ¶ 1.

5.      Defendant Great Escapes is a limited partnership. The citizenship of a limited partnership for purposes of diversity jurisdiction is based upon the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Defendant Great Escapes has one partner, Great Escapes Pelahatchie Management, LLC ("GEPM"). *See*

---

[1] The case has since been transferred to the Circuit Court of Rankin County, Mississippi. *See* Order (State Court Doc. No. 14). *See also* n. 3, *infra*.

Mississippi Secretary of State Certificate of Limited Partnership, *attached hereto as* Exhibit A. GEPM is a limited liability company organized under the laws of the State of Mississippi. *See* Mississippi Secretary of State 2021 LLC Annual Report, *attached hereto as* Exhibit B. The citizenship of a limited liability company for purposes of diversity jurisdiction is based up on the citizenship of all of its members. *See Harvey*, 542 F.3d at 1080. GEPM's sole member is Ricky L. Jenkins, a citizen of Texas. *See id*. Therefore, Defendant Great Escapes is a citizen of Texas for purposes of diversity jurisdiction.[2]

**B. However, the Complaint did not affirmatively reveal on its face that the Plaintiffs are seeking damages in excess of the minimum jurisdictional amount of the federal court.**

6.  The Complaint generally asserts that Plaintiffs' child, the minor J.N., tested positive for *E. coli* O157 and experienced symptoms of gastrointestinal distress "that increased in severity" in the several days after visiting the pool and splash pad on Defendant's premises. *See* Complaint (State Court Doc. No. 2). at ¶¶ 14-19.

7.  The Complaint states that J.N. was seen and treated by a pediatrician for the alleged symptoms and underwent medical testing. *Id.* at 17. It does not allege that J.N. was hospitalized. *Id.*

8.  The Complaint also states that J.N. "continues to recover" and experience symptoms from his illness. *Id.* at ¶ 19.

9.  The Complaint sets forth two causes of action: "Count I – General Negligence / Strict Liability" and "Count II – Premises Liability." *Id.* at 5-9.

10. Plaintiffs seek to recover "general, special, incidental, and consequential

---

[2] The Complaint incorrectly alleges that Defendant Great Escapes is a citizen of both Mississippi and Texas. *See* Complaint (State Court Doc. No. 2) at ¶ 2. However, as represented by the Mississippi Secretary of State documents attached hereto and under applicable law, Great Escapes is only a citizen of Texas for purposes of diversity jurisdiction.

damages" for "general pain and suffering; damages for loss of enjoyment of life, both past and future; past medical and medical-related expenses; future medical and medical-related expenses; travel and travel-related expenses, both past and future; lost wages; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would be reasonably anticipated." *Id.* at ¶ 39.

11.     The Complaint does not assert a claim for punitive damages. *See generally id.*

12.     Because Plaintiffs' Complaint did not "affirmatively revea[l] on its face that the plaintiff[s] [are] seeking damages in excess of the minimum jurisdictional amount of the federal court," the case was not yet removable, and the thirty-day removal period under 28 U.S.C. § 1446(b) was not yet triggered merely by Defendant's receipt of a copy of the initial pleading. *See Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 399-400 (5th Cir. 2013) (citing *Chapman v. Powermatic*, 969 F.2d 160 (5th Cir. 1992)); *see also Allen v. Bulk Logistics, Inc.*, 485 F. Supp.3d 691, 696 (S.D. Miss. 2020) (confirming precedent discussed in *Mumfrey*).

## II.     Defendant is timely removing this case to federal court within thirty days after receipt of "other paper" under 28 U.S.C. § 1446(b)(3).

13.     "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

14.     "When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and

4

this discovery response should be filed in the record. This discovery response will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied." *McLain v. Am. Intern. Recovery, Inc.*, 1 F. Supp. 628, 631-32 (S.D. Miss. 1998).

15.     On November 11, 2021, Defendant served written discovery to Plaintiffs, including its First Set of Requests for Admission to Plaintiffs. *See* Notice of Service (State Court Doc. Nos. 7-9).

16.     On December 7, 2021, Plaintiffs responded to Defendant's Requests for Admission. *See* Notice of Service (State Court Doc. No. 13); *see also* Pl.'s RFA Responses, *attached hereto* as Exhibit C.

17.     Several Requests for Admission concern the amount in controversy sought by Plaintiffs in this lawsuit. *See* Pl.'s RFA Responses, *attached hereto* as Exhibit C.

18.     Plaintiffs deny Request for Admission No. 4 ("Admit Plaintiffs' damages in this lawsuit do not exceed $75,000, exclusive of interests and costs."). *Id.*

19.     Plaintiffs deny Request for Admission No. 5 ("Admit that Plaintiffs do not seek to recover more than $75,000 in damages, exclusive of interests and costs, in this lawsuit."). *Id.*

20.     Plaintiffs deny Request for Admission No. 6 ("Admit that Plaintiffs will not accept an award of damages in excess of $75,000, exclusive of interests and costs, if rendered in this lawsuit."). *Id.*

21.     Plaintiffs deny Request for Admission No. 7 ("Admit that Plaintiffs will not execute on any judgment rendered in Plaintiffs' favor in this lawsuit in excess of $75,000, exclusive of interests and costs.). *Id.*

22.     Based on Plaintiffs' denial of the above Requests for Admission, this case became removable under 28 U.S.C. § 1446(b)(3), ad of December 7, 2021, the date on which Plaintiffs

served their responses to Defendant's Requests for Admission.

23.     As such, this notice of removal is timely filed less than thirty (30) days after Defendants received "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(3).

**III.     All other procedural requirements are satisfied to remove this case to this Court.**

24.     The United States District Court for the Southern District of Mississippi, Northern Division, is the federal judicial district encompassing Hinds County, Mississippi. 28 U.S.C. § 104(b)(1) (stating that the Northern Division of the Southern District includes Hinds County). Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

25.     Copies of all of the process, pleadings and orders served upon Defendant to date in this action are attached as collective Exhibit D, as required by 28 U.S.C. § 1446(a).

26.     Defendant has simultaneously provided notice of the removal of this action to Plaintiffs and to the Circuit Court of Hinds County, Mississippi,[3] by filing a "Notice of Filing Removal Notice," together with a copy of this "Notice of Removal," in the Circuit Court of Hinds County, Mississippi, and by serving copies of the same on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

27.     There are no other defendants to this action who have been served with process and/or whose joinder is required in order to properly effectuate the removal of this action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[3] This case was initially filed in Hinds County Circuit Court as Case No. 21-521. Prior to removal, Defendant filed in that court a Motion to Transfer Venue of this case to the Circuit Court of Rankin County, Miss. *See* Motion to Transfer (State Court Doc. No. 10) and Memo. in Support (State Court Doc. No. 11). Subsequently, Plaintiffs conceded the Motion to Transfer, and on the date of this Notice of Removal, the Hinds County Circuit Court granted the pending Motion to Transfer and transferred the case to the Rankin County Circuit Court. *See* Order (State Court Doc. No. 14). The Rankin County Circuit Court has not yet received the case file from the Hind County Circuit Court. Therefore, out of an abundance of caution and in order to comply with 28 U.S.C. § 1446(d), Defendant files this Notice on the Hinds County Circuit Court Docket and provides notice by mail to the Rankin County Circuit Court.

## CONCLUSION

28.      Nothing in this Joint Notice of Removal shall be interpreted as a waiver or relinquishment of the rights of Defendant to assert any defenses available to it.  Defendant specifically files this Notice subject to, and incorporates herein, its Answer and Affirmative Defenses and affirmatively preserve each and every defense referenced therein and/or generally available to them under applicable law and/or Court rules. *See* Answer (State Court Doc. No. 5).

WHEREFORE, Defendant Great Escapes respectfully requests that the above-captioned action now pending in the Circuit Court of Hinds County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and that the United States District Court assume jurisdiction over this action and enter such other further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted, this the 10th day of December, 2021

<div style="margin-left:40%;">

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE

By: */s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

</div>

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

7

## <u>CERTIFICATE OF SERVICE</u>

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I electronically filed

the foregoing with the Clerk of the Court using the online ECF system which provided notice to

all counsel of record.

This the 10th day of December, 2021.

<div align="right">

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS

</div>

62450793.v1