IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

<div style="border: 1px solid black;">

**EXHIBIT**

**D**

</div>

| | |
|---|---|
| AMY NEELEY and DAVID NEELEY, individually and on behalf of their minor child, J.N., | CIVIL DIVISION<br><br>CASE NO.: 21-521 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| v. | |
| GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, a foreign limited partnership, | |
| **Defendant.** | |

## PLAINTIFFS' COMPLAINT

COME NOW Plaintiffs Amy Neeley and David Neeley, individually and on behalf of their minor child, J.N., who, by and through their counsel of record, David Baria, Cosmich, Simmons & Brown, PLLC, allege upon information and belief as follows:

### PARTIES

1. Plaintiffs reside and are domiciled in Jackson, Hinds County, Mississippi. Therefore, Plaintiffs are citizens of the State of Mississippi.

2. Defendant Great Escapes Pelahatchie, LP, is a limited partnership organized and existing under the laws of the State of Mississippi. Citizenship of a limited partnership is determined by the citizenship of all of its partners. Upon belief, this limited partnership has only one partner, its general partner, Great Escapes Pelahatchie Management, LLC (GEPM). GEPM is a limited liability company organized and existing under the laws of the State of Mississippi, with its principal place of business at 2539 S. Gessner Road, Ste. 13, Houston, Texas 77063. Upon

belief, GEPM's sole member is Ricky L. Jenkins, who is a resident of Texas. Therefore, Defendant is a citizen of the States of Mississippi and Texas. In its ordinary course of its business, and at all times relevant to this action, Defendant owned and operated Jellystone Park Yogi on the Lake Pelahatchie, including all of its recreational water facilities and pools.

## JURISDICTION AND VENUE

3.      Plaintiffs' cause of action arose and accrued in Hinds County, Mississippi. Therefore, jurisdiction and venue are proper in this court.

## GENERAL ALLEGATIONS

### The 2021 *E. coli* O157 Outbreak at Jellystone Camp Park and Resort

4.      The Mississippi State Department of Health (MSDH) has identified several cases of *E. coli* infections associated with use of the swimming pool and splashpad at Yogi on the Lake in Pelahatchie, Mississippi.

5.      The cases identified so far have exposure dates on the weekend of July 30 through August 1, 2021. Additional exposures may have occurred through August 9, 2021.

6.      MSDH calls this "an evolving situation" and they are conducting an ongoing investigation to identify any additional cases. Health officials say that those who were swimming in the pool or splashpad at Yogi on the Lake in Pelahatchie between July 30 and August 9, 2021 should monitor for symptoms of stomach cramps, diarrhea, vomiting, and fever.

2

**E. coli O157 Infection and Hemolytic Uremic Syndrome**

7.    *Escherichia coli* are the name of a common family of bacteria, most members of which do not cause human disease. *E. coli* O157 is a specific member of this family that can cause bloody diarrhea (hemorrhagic colitis) in humans. In the years since *E. coli* O157:H7 was first identified as a cause of diarrhea, this bacterium has established a reputation as a significant public health hazard.

8.    *E. coli* O157 lives in the intestines of cattle and other ruminants. *E. coli* O157 is also notable among pathogenic bacteria for its extremely low infectious dose—that is, the number of bacteria necessary to induce infection in a person. While for most pathogenic bacteria it takes literally millions of bacterial colonies to cause illness, it is now known that fewer than 50 *E. coli* O157 bacteria can cause illness in a child. The practical import is that even a microscopic amount of exposure can trigger a devastating infection.

9.    The most severe cases of the *E. coli* O157 infection occur in young children and in the elderly, presumably because the immune systems in those age populations are the most vulnerable. After a susceptible individual ingests *E. coli* O157, the bacteria attach to the inside surface of the large intestine and initiates an inflammatory reaction of the intestine. What ultimately results in the painful bloody diarrhea and abdominal cramps characteristic of the intestinal illness.

10.    The mean incubation period (time from ingestion to the onset of symptoms) of *E. coli* O157 is estimated to be two to four days (range, 1-21 days). Typically, a patient with an acute *E. coli* O157 infection presents with abdominal cramps, bloody diarrhea, and vomiting. The duration of diarrhea in children with *E. coli* O157 infections are significantly longer than that of adults.

3

11.     *E. coli* O157 can produce a wide spectrum of disease from mild, non-bloody diarrhea, to severe bloody diarrhea accompanied by excruciating abdominal pain to life-threatening complications.  In most infected individuals, the intestinal illness lasts about a week and resolves without any long-term effects.  Antibiotics do not appear to aid in combating these infections, and recent medical studies suggest that antibiotics are contraindicated for their risk of provoking more serious complications.  Apart from good supportive care, which should include close attention to hydration and nutrition, there is no specific therapy.

12.     About 10% of individuals with *E. coli* O157 infections (mostly young children) go on to develop hemolytic uremic syndrome (HUS), a severe, potentially life-threatening complication.  The essence of the syndrome is described by its three central features:  destruction of red blood cells, destruction of platelets (those blood cells responsible for clotting), and acute renal failure due to the formation of micro-thrombi that occlude microscopic blood vessels that make up the filtering units within the kidneys.

13.     There is no known therapy to halt the progression of HUS.  The active stage of the disease usually lasts one to two weeks, during which a variety of complications are possible.  HUS is a frightening illness that even in the best American medical facilities has a mortality rate of about 5%.  The majority of HUS patients require transfusion of blood products and develop complications common to the critically ill.

**Plaintiff J.N.'s Injuries**

14.     J.N. and his family went to Jellystone Park in Pelahatchie, Mississippi, from July 30, 2021 through August 1, 2021.

15.    J.N. swam in the pool and used the splash pad on Friday, July 30 and Saturday, July 31, 2021.

16.    On August 2, 2021, while in Jackson, Hinds County, Mississippi, J.N. developed symptoms of gastrointestinal distress that increased in severity over the following days.

17.    His parents took him to The Children's Clinic in Flowood, Mississippi on August 5, 2021.

18.    A stool sample taken from J.N. tested positive for *E. coli* O157, and the local health authorities contacted his parents inquiring about potential exposures.

19.    J.N. continues to recover from his illness, and is still experiencing stomach cramps and fatigue.

## CAUSES OF ACTION

### Count I-General Negligence/Strict Liability

20.    Plaintiffs hereby incorporate paragraphs 1 through 19 by this reference as if each paragraph was set forth in its entirety.

21.    Defendant owned and operated Jellystone Park, located at 143 Campground Rd., Pelahatchie, MS 39145, at all times relevant, including controlling and operating every aspect of the recreational water facility and pool(s) located thereon. Thus, the property causing damage was in the custody of Defendant.

22.    J.N. and his family were at all times invitees of Defendants and conducting themselves as was expected and encouraged by Defendants, including use of Defendant's facilities, water facility and pool(s) located thereon.

23.    *E. coli* O157 is a harmful, potentially lethal pathogen when ingested by humans. Therefore, levels of *E. coli* O157 in the pool water high enough to allow for bacterial

5

transmission of *E. coli* O157 via pool water at Jellystone Park was an unreasonably dangerous condition on the property that created an unreasonable risk of harm to persons, including Plaintiff J.N. on the premises.

24.    Bacterial transmission of disease, including the transmission of *E. coli* through pool water, is a well-known danger in the industry of recreational water facilities. Through appropriate monitoring of its facilities' water quality, Defendant knew or should have known that the chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157 bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N.

25.    Defendant unreasonably failed to exercise reasonable care to protect pool patrons, including J.N., from the known danger of *E. coli* transmission via its pool water in the following ways:

a.    Failure to properly train its aquatic facility employees, seasonal and permanent, on proper pool operation and maintenance, including chemical monitoring, usage, recording, maintenance, and fecal accident response procedures in compliance with the applicable regulations;

b.    Failure to maintain adequate records and documentation including, but not limited to, daily pool logs, ORP logs, water chemistry logs, temperature logs, test results of regular bacteriological water analysis from an independent laboratory, chemical use logs, controller print-outs, routine and preventative maintenance logs, and/or clean-up procedures, which industry standards dictate be maintained in the ordinary course of business;

c.    Failure to use appropriate systems for cleaning, maintaining, operating, monitoring, and inspecting its pools and their related filtration, circulation, and piping system components; and

d.    Failure to design and/or construct its aquatic facility's pools to ensure proper water circulation, filtration and input/output, and other standards outlined in the applicable regulations.

26.    The measures delineated above, had they been properly implemented, could have prevented injury to pool patrons, including Plaintiff J.N.

27.     Defendant's unreasonable failure to exercise reasonable care in the ways delineated above, among others, caused the recreational water in its pools to become contaminated by *E. coli* O157 on at least July 30 through August 1, 2021, and also allowed the contamination to persist, creating the risk of severe health consequences to patrons.

28.     J.N.'s *E. coli* O157 infections, injuries, and damages were directly and proximately caused by bacterial transmission via Defendant's facility's pool water. Therefore, Defendant is strictly liable to Plaintiffs for J.N.'s injuries.

### Count II- Premises Liability

29.     Plaintiffs hereby incorporate paragraphs 1 through 28 by this reference as if each paragraph was set forth in its entirety.

30.     J.N. and his family were at all times invitees of Defendants on the premises for their mutual benefit. J.N. and his family were at all times conducting themselves as was expected and encouraged by Defendants, including use of Defendant's facilities, water facility and pool(s) located thereon.

31.     Defendant owned and operated Jellystone Park, located at 143 Campground Rd., Pelahatchie, MS 39145, at all times relevant, including controlling and operating every aspect of the recreational water facility and pool(s) located thereon. Thus, the property causing damage was in the custody of Defendant.

32.     Defendant had a duty to exercise reasonable care to keep its premises reasonably safe and to warn of hidden dangers or peril not in plain and open view.

33.     Levels of *E. coli* O157 in the pool water high enough to allow for bacterial transmission of *E. coli* O157 via pool water at Jellystone Park was an unreasonably dangerous

condition on the property that created an unreasonable risk of harm to persons, including

Plaintiff J.N. on the premises.

34. Bacterial transmission of disease, including the transmission of *E. coli* through

pool water, is a well-known danger in the industry of recreational water facilities. Through

appropriate monitoring of its facilities' water quality, Defendant knew or should have known that

the chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157

bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N.

35. Defendant unreasonably failed to exercise reasonable care to protect pool patrons,

including J.N., from the known danger of *E. coli* transmission via its pool water in the following

ways:

    a.   Failure to properly train its aquatic facility employees, seasonal and permanent, on proper pool operation and maintenance, including chemical monitoring, usage, recording, maintenance, and fecal accident response procedures in compliance with the applicable regulations;

    b.   Failure to maintain adequate records and documentation including, but not limited to, daily pool logs, ORP logs, water chemistry logs, temperature logs, test results of regular bacteriological water analysis from an independent laboratory, chemical use logs, controller print-outs, routine and preventative maintenance logs, and/or clean-up procedures, which industry standards dictate be maintained in the ordinary course of business;

    c.   Failure to use appropriate systems for cleaning, maintaining, operating, monitoring, and inspecting its pools and their related filtration, circulation, and piping system components; and

    d.   Failure to design and/or construct its aquatic facility's pools to ensure proper water circulation, filtration and input/output, and other standards outlined in the applicable regulations.

36. The measures delineated above, had they been properly implemented, could have

prevented injury to pool patrons, including Plaintiff J.N.

37.     Defendant's unreasonable failure to exercise reasonable care in the ways delineated above, among others, caused the recreational water in its pools to become contaminated by *E. coli* O157 on at least July 30 through August 1, 2021, thereby creating a hazardous condition on the premises. Defendant allowed the contamination to persist, creating the risk of severe health consequences to patrons.

38.     J.N.'s *E. coli* O157 infections, injuries, and damages were directly and proximately caused by bacterial transmission via Defendant's facility's pool water—a hazardous condition caused by Defendant's negligence. Therefore, Defendant is liable to Plaintiffs for J.N.'s injuries.

## DAMAGES

39.     Plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the Defendant, in an amount which shall be fully proven at the time of trial. These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; past medical and medical-related expenses; future medical and medical-related expenses; travel and travel-related expenses, both past and future; lost wages; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for judgment against the Defendant as follows:

a.     Compensation for all general, special, incidental, and consequential damages suffered by the Plaintiffs as a result of the Defendant's conduct;

b.     Statutory prejudgment interest;

c.   Reasonable attorneys' fees and costs, to the fullest extent allow by law; and

d.   All such additional and further relief as this Court deems just and

equitable.

## **JURY DEMAND**

A jury is demanded for the trial of this action.


DATED: August 24, 2021

Respectfully submitted,

/s/ David Baria, MS Bar # 8646

_____

J.R. Whaley (pending admission *pro hac vice*)
6700 JEFFERSON HIGHWAY
BUILDING 12, SUITE A
BATON ROUGE, LA 70806
OFFICE: 225.302.8810
CELL:  225.333.8855
**WWW.WHALEYLAW.COM**

William D. Marler (pending admission *pro hac vice*)
MARLER CLARK, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
T: 206-346-1888
F: 206-346-1898
bmarler@marlerclark.com

ATTORNEYS FOR PLAINTIFF

10

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court                Form AOC/01
Administrative Office of Courts               (Rev 2020)

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 2 5 | C 1 | | 2 0 2 1 | 5 2 1 |

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 8 | 2 4 | 2 1 |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **HINDS** County — Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual** NEELEY (Last Name)   AMY (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** JACKSON, HINDS COUNTY, MISSISSIPPI          MS Bar No. _____

**Attorney (Name & Address)** DAVID BARIA, COSMICH, SIMMONS & BROWN, PLLC          MS Bar No. 8646

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

**Individual** _____ (Last Name)   (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney (Name & Address) - If Known** _____          MS Bar No. _____

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| | **Alcohol/Drug Commitment** (Voluntary) | | |

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other _____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other _____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other _____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other _____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other _____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other _____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other _____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other _____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [X] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [X] Other Strict liability

In the <u>CIRCUIT</u> Court of <u>HINDS</u> County, Mississippi

_____ Judicial District, City of _____

Docket No._____ - _____ _____    Docket No. If Filed
          File Yr        Chronological No.      Clerk's Local ID    Prior to 1/1/94_____

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** <u>NEELEY</u>            <u>DAVID</u>        ( _____ )   _____   _____
                        Last Name          First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**Attorney for this Plaintiff:** <u>BARIA</u> Bar # or Name: <u>8646</u> _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** <u>NEELEY (minor child)</u>    <u>J.N.</u>        ( _____ )   _____   _____
                        Last Name          First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**Attorney for this Plaintiff:** <u>BARIA</u> Bar # or Name: <u>8646</u> _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____    _____        ( _____ )   _____   _____
                        Last Name          First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**Attorney for this Plaintiff:** _____ Bar # or Name: _____   Pro Hac Vice (✓)___ Not an Attorney(✓)___

**SUMMONS**

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

| | |
|---|---|
| AMY NEELEY and DAVID NEELEY, individually and on behalf of their minor child, J.N., | CIVIL DIVISION<br><br>CASE NO.: 21-521<br><br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, a foreign limited partnership, | |
| Defendant. | |

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   **GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, through their agent for service of process, Capitol Corporate Services, Inc., 248 E. Capitol St., Suite 840, Jackson, MS 39201**

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **DAVID BARIA, COSMICH, SIMMONS & BROWN, PLLC**, whose mailing address is **544 MAIN STREET, BAY ST. LOUIS, MS 39520**, the attorney for the Plaintiff(s). Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _24th_ day of _Aug_, 2021.

ZACK WALLACE, CIRCUIT CLERK
Clerk of _Hinds_ County, Mississippi



PROOF OF SERVICE--SUMMONS (Process Server)

**GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, through their agent for service of process, Capitol Corporate Services, Inc., 248 E. Capitol St., Suite 840, Jackson, MS 39201**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____PERSONAL SERVICE. I personally delivered copies to on the ___day of _____, 2021, where I found said person(s) in _____County of the State of Mississippi.

_____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within county, (state). I served the summons and complaint on the ___ day of _____ 2021 , at the usual place of abode of said person by leaving a true copy of the summons and complaint with who is the (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the ___day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: N/A $0
Process server must list below: [Please print or type] .
Name _____
Last Four of Social Security No. _____
Address: Cosmich, Simmons & Brown, PLLC Jackson, MS
Telephone No. 601-863-2100

State of Mississippi
County of _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Process Server Signature _____

Sworn to and subscribed before me this the ___ day of _____, 2021.

SEAL                                    Notary Public Signature _____

PROOF OF SERVICE--SUMMONS (Process Server)

**GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE, through their agent for service of process,
Capitol Corporate Services, Inc., 248 E. Capitol St., Suite 840, Jackson, MS 39201**

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___X___PERSONAL SERVICE. I personally delivered copies to on the 24th day of August, 2021, where I found said person(s) in Hinds County of the State of Mississippi.

_____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within county, (state). I served the summons and complaint on the _____ day of _____ 2021 , at the usual place of abode of said person by leaving a true copy of the summons and complaint with who is the (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the ____day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

      At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: N/A $0
Process server must list below: [Please print or type]
Name John-David Bass
Last Four of Social Security No. _____
Address: Cosmich, Simmons & Brown, PLLC Jackson, MS
Telephone No. 601-863-2100

State of Mississippi
County of Hinds

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Process Server Signature _____

Sworn to and subscribed before me this the 24 day of August, 2021.

Notary Public Signature _Jessica Bratton_

SUMMONS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

| | |
|---|---|
| AMY NEELEY and DAVID NEELEY, individually and on behalf of their minor child, J.N., | CIVIL DIVISION<br><br>CASE NO.: 21-521<br><br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, a foreign limited partnership, | |
| Defendant. | |

SUMMONS

THE STATE OF MISSISSIPPI

TO:   **GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK YOGI ON THE LAKE PELAHATCHIE, through their agent for service of process, Capitol Corporate Services, Inc., 248 E. Capitol St., Suite 840, Jackson, MS 39201**

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **DAVID BARIA, COSMICH, SIMMONS & BROWN, PLLC,** whose mailing address is **544 MAIN STREET, BAY ST. LOUIS, MS 39520,** the attorney for the Plaintiff(s). Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this ___24th___ day of ___Aug___. 2021.

ZACK WALLACE CIRCUIT CLERK

Clerk of ___Hinds___ County, Mississippi



**ATTEST A TRUE COPY**

AUG 2 4 2021

ZACK WALLACE CIRCUIT CLERK

BY_____ D.C.

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                         **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                                   **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**                                  **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

---

### ANSWER AND AFFIRMATIVE DEFENSES OF
### GREAT ESCAPES PELAHATCHIE, LP d/b/a JELLYSTONE PARK
### YOGI ON THE LAKE PELAHATCHIE

---

Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"), pursuant to Mississippi Rules of Civil Procedure 8 and 12, submits its Answer and Affirmative Defenses to the Complaint (Doc. No. 2, the "Complaint") filed by Plaintiffs Amy Neeley and David Neeley, individually and on behalf of their minor child, J.N. (collectively, "Plaintiffs").

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

### SECOND DEFENSE – ANSWER

As to each allegation in Plaintiffs' Complaint, Great Escapes responds as follows:

### GENERAL STATEMENT

Great Escapes repeats the headings and subheadings of the Complaint for purposes of organization and reference only. No response is required to the Complaint's headings and subheadings. Alternatively, to the extent a response is deemed required, Great Escapes denies all

express or implied allegations of wrongdoing.

## PARTIES

1.      As to paragraph 1, upon information and belief, admitted.

2.      As to paragraph 2, Defendant admits that it is a limited partnership organized under the laws of the State of Mississippi. Defendant admits that, in certain contexts, citizenship of a limited partnership is determined by the citizenship of its partners. Defendant admits that it has only one partner, Great Escapes Pelahatchie Management, LLC ("GEPM"). Defendant admits that GEPM is a limited liability company organized under the laws of the State of Mississippi. Defendant admits that GEPM's principal office address is 2539 South Gessner Suite 13, Houston, Texas 77063. Defendant admits that GEPM's sole member is Ricky L. Jenkins, a citizen of Texas. Defendant admits that, at all times relevant to this action, Defendant owned and operated Yogi Bear's Jellystone Park Camp-Resort, also known as Jellystone Park Yogi on Lake Pelahatchie, . Defendant is without knowledge or information of the plaintiffs' precise definition of "recreational water facilities and pools" and therefore denies allegations about the Defendant's ownership and operation of them. Defendant denies all other allegations asserted in paragraph 2.

## JURISDICTION AND VENUE

3.      As to paragraph 3, Defendant denies that Plaintiffs' cause of action arose and accrued in Hinds County, Mississippi, and denies that jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS[1]

4.      As to paragraph 4, Defendant admits that, on Monday, August 9, 2021, the Mississippi State Department of Health ("MSDOH") issued a notice through the Mississippi

---

[1] As to the unnumbered subheading beginning, "The 2021 E. Coli O157 Outbreak [...]," to the extent a response to subheadings is deemed required, denied.

Health Alert Network that MSDOH was "investigating an outbreak of *E. coli* O157 cases associated with exposure to a swimming pool and/or splashpad at the Jellystone Park Camp Resort-Yogi on the Lake in Pelahatchie, Mississippi" (the "August Notice"). The August Notice speaks for itself. To the extent the allegations in paragraph 4 of the Complaint are inconsistent with the August Notice, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

5.      As to paragraph 5, Defendant admits that the MSDOH issued the August Notice, as described in paragraph 4 of this Answer. The August Notice speaks for itself. To the extent the allegations in paragraph 5 of the Complaint are inconsistent with the August Notice, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

6.      As to paragraph 6, Defendant admits that the MSDOH issued the August Notice, as described in paragraph 4 of this Answer. The August Notice speaks for itself. To the extent the allegations in paragraph 6 of the Complaint are inconsistent with the August Notice, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

7.      Paragraph 7[2] contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

8.      Paragraph 8 contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

9.      Paragraph 9 contains no allegations against Defendant; therefore, no response is

---

[2] As to the unnumbered subheading beginning, "E. coli O157 Infection," this subheading contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

10.     Paragraph 10 contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

11.     Paragraph 11 contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

12.     Paragraph 12 contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

13.     Paragraph 13 contains no allegations against Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

14.     As to paragraph 14,[3] Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

15.     As to paragraph 15, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

16.     As to paragraph 16, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

17.     As to paragraph 17, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

---

[3] As to the unnumbered subheading "Plaintiff J.N.'s Injuries," to the extent a response to subheadings is deemed required, denied.

18.     As to paragraph 18, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

19.     As to paragraph 19, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

### CAUSES OF ACTION

### Count I – General Negligence / Strict Liability

20.     Paragraph 20 of the Complaint incorporates the preceding paragraphs of the Complaint as if each paragraph was set forth in its entirety. Therefore, Defendant adopts and incorporates its responses to those preceding paragraphs as if each response was set forth herein.

21.     As to paragraph 21, Defendant admits that it owned and operated Yogi Bear's Jellystone Park Camp-Resort, also known as Jellystone Park Yogi on Lake Pelahatchie, located at 143 Campground Road, Pelahatchie, Mississippi 39145. Defendant denies all other allegations asserted in paragraph 21.

22.     As to paragraph 22, Defendant denies the allegation that "J.N. and his family were at all times invitees of Defendants," because such allegation calls for a legal conclusion, to which no response is required. Defendant refers all questions of law to the Court. To the extent a response to this allegation is deemed required, denied. As to all remaining allegations asserted in paragraph 22, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

23.     As to paragraph 23, Defendant denies the allegation, express or implied, that "levels of *E. coli* O157 in the pool water [were] high enough to allow for bacterial transmission of *E. Coli* O157 via pool water at Jellystone Park." Defendant further denies that the "pool water at Jellystone Park … was an unreasonably dangerous condition on the property that created an unreasonable risk of harm to persons, including Plaintiff J.N. on the premises." The additional allegations

asserted in paragraph 23 are not directed to Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

24.     As to paragraph 24, Defendant denies the allegation that it "knew or should have known that the chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157 bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N." Defendant further denies the allegation, express or implied, that the "chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157 bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N." The additional allegations asserted in paragraph 24 are not directed to Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

25.     As to paragraph 25, including but not limited to subparts (a) through (d), denied.

26.     As to paragraph 26, denied. Further, Defendant expressly denies that it failed to "properly implemen[t]" the "measures delineated" in paragraph 25.

27.     As to paragraph 27, denied.

28.     As to paragraph 28, denied.

## Count II – Premises Liability

29.     Paragraph 29 of the Complaint incorporates the preceding paragraphs of the Complaint as if each paragraph was set forth in its entirety. Therefore, Defendant adopts and incorporates its responses to those preceding paragraphs as if each response was set forth herein.

30.     As to paragraph 30, Defendant denies the allegation that "J.N. and his family were at all times invitees of Defendants on the premises for their mutual benefit," because such

allegation calls for a legal conclusion, to which no response is required. Defendant refers all questions of law to the Court. To the extent a response to this allegation is deemed required, denied. As to all remaining allegations asserted in paragraph 30, Defendant lacks information sufficient to admit or deny these allegations; therefore, denied.

31.    As to paragraph 31, Defendant admits that it owned and operated Yogi Bear's Jellystone Park Camp-Resort, also known as Jellystone Park Yogi on Lake Pelahatchie, located at 143 Campground Road, Pelahatchie, Mississippi 39145. Defendant denies all other allegations asserted in paragraph 31.

32.    Paragraph 32 calls for a legal conclusion, to which no response is required. Defendant refers all questions of law to the Court. The extent a response to this allegation is deemed required, Defendant admits only that applicable law may impose upon Defendant certain legal duties of care under certain circumstances. Defendant lacks information sufficient to admit or deny the allegation in Paragraph 32 regarding the duty imposed upon Defendant as to these Plaintiffs during the alleged events that gave rise to this case. Further, Defendant denies any allegation, express or implied, that Defendant failed to fulfill any and all existing legal duties owed to Plaintiffs under applicable law and/or any applicable agreement between the parties.

33.    As to paragraph 33, denied.

34.    As to paragraph 34, Defendant denies the allegation that Defendant "knew or should have known that the chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157 bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N." Defendant further denies the allegation, express or implied, that the "chlorine concentration of its pool water was insufficient to effectively neutralize *E. coli* O157 bacteria in the water such that it did not pose a risk to pool patrons, including Plaintiff J.N." The

additional allegations asserted in paragraph 34 are not directed to Defendant; therefore, no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to admit or deny such allegations; therefore, denied.

35.   As to paragraph 35, including but not limited to subparts (a) through (d), denied.

36.   As to paragraph 36, denied. Further, Defendant expressly denies that it failed to "properly implemen[t]" the "measures delineated" in paragraph 35.

37.   As to paragraph 37, denied. Defendant denies all express or implied allegations of wrongdoing and denies that Plaintiffs are entitled to damages of any kind.

38.   As to paragraph 38, denied. Defendant denies all express or implied allegations of wrongdoing and denies that Plaintiffs are entitled to damages of any kind.

## DAMAGES

39.   As to paragraph 39, denied. Defendant denies all express or implied allegations of wrongdoing and denies that Plaintiffs are entitled to damages of any kind.

## PRAYER FOR RELIEF

40.   As to the unnumbered paragraph beginning, "WHEREFORE, Plaintiffs prays for judgment against the Defendant as follows […]," Defendant admits only that Plaintiffs seek the relief described in this paragraph, including its subparts (a) through (d). Defendant denies that Plaintiffs are entitled to the requested relief or to any relief or damages of any kind. Further, the Complaint fails to state a claim upon which attorneys' fees and costs can be awarded; therefore, Plaintiffs' claim for attorneys' fees and costs must be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

41.   As to the unnumbered paragraph beginning, "A jury is demanded […]," this paragraph contains no allegation that is directed to Defendant; therefore, no response is required.

To the extent a response is deemed required, denied.

## GENERAL DENIAL

Defendant denies each and every material allegation of Plaintiffs' Complaint (Doc. No. 2) unless expressly admitted or otherwise answered herein.

## AFFIRMATIVE DEFENSES

Pursuant to Mississippi Rule of Civil Procedure 8, Defendant asserts the following affirmative defenses:

## THIRD DEFENSE

Defendant specifically reserves and invokes all rights and defenses available to Defendant including but not limited to those set forth in Rules 8(c) and 12(b) of the Mississippi Rules of Civil Procedure, the Mississippi Code Annotated, and/or at common law, for which a good faith legal and/or factual basis exists in Defendant's favor.

## FOURTH DEFENSE

Defendant affirmatively pleads lack of personal and/or subject matter jurisdiction under Miss. R. Civ. P. 12(b)(1)-(2).

## FIFTH DEFENSE

Defendant affirmatively pleads improper venue under Miss. R. Civ. P. 12(b)(3).

## SIXTH DEFENSE

Defendant acted at all times relevant to the Complaint in accordance and compliance with common law as well as all federal, state, local, and other regulatory laws, standards, and/or other requirements applicable to Defendant.

## SEVENTH DEFENSE

Defendant was not guilty of any negligent or other actionable conduct toward Plaintiff.

## EIGHTH DEFENSE

Defendant was not negligent, nor did it breach any duty, if any, that may be deemed to have been owed by Defendant to Plaintiffs.

## NINTH DEFENSE

One of more of Plaintiffs' claims is barred or limited by contract or agreement.

## TENTH DEFENSE

Defendant denies that it breached any alleged contract, agreement, covenant or duty.

## ELEVENTH DEFENSE

If Plaintiffs suffered any damages, such damages were caused in whole or in part by Plaintiffs' failure to exercise reasonable care and diligence to mitigate the alleged damages.

## TWELFTH DEFENSE

To the extent Plaintiffs may be deemed invitees, Defendant acted at all relevant times with reasonable care not to injure Plaintiffs, kept the property reasonably safe, and warned the invitees of any hidden dangers that were not open and/or obvious.

## THIRTEENTH DEFENSE

Alternatively, to the extent a dangerous condition is deemed to have existed, Defendant did not have actual knowledge of such condition and/or such condition did not exist long enough to impute constructive knowledge to Defendant.

## FOURTEENTH DEFENSE

Alternatively, to the extent a dangerous condition is deemed to have existed, Defendant acted with reasonable care to remove the dangerous condition and/or to warn of the dangerous condition.

## FIFTEENTH DEFENSE

Alternatively, to the extent a dangerous condition is deemed to have existed, Defendant did

not exercise the requisite degree of possession or control over such condition as to impose liability.

### SIXTEENTH DEFENSE

Alternatively, one of more of Plaintiffs' claims is barred or limited because Plaintiffs' entrant status was transformed from that of invitee(s) to licensee(s), trespasser(s), or other entrant(s) to whom Defendant owed a lesser or no duty.

### SEVENTEENTH DEFENSE

Alternatively, Plaintiffs' injuries, if any, occurred on premises to which Plaintiffs were not granted or authorized access by Defendant and premises of which Defendant did not exercise use tantamount to possession and control.

### EIGHTEENTH DEFENSE

One of more of Plaintiffs' claims is barred or limited because the dangerous condition is alleged to have occurred in a swimming pool, lake, pond, or other water hazard that does not qualify as an attractive nuisance as a matter of law.

### NINETEENTH DEFENSE

One of more of Plaintiffs' claims is barred or limited because the alleged dangerous condition is an obvious, natural danger to which the attractive nuisance doctrine does not apply as a matter of law.

### TWENTIETH DEFENSE

One of more of Plaintiffs' claims is barred or limited based on the failure of the guardians of minor Plaintiff to warn the minor Plaintiff of allegedly dangerous condition. Alternatively, the minor Plaintiff had capacity to recognize the allegedly dangerous condition.

### TWENTY-FIRST DEFENSE

One of more of Plaintiffs' claims is barred or limited because Plaintiffs failed to read or follow Defendant's warnings, which may have contributed to Plaintiffs' alleged injuries.

### TWENTY-SECOND DEFENSE

Defendant asserts any and all defenses and protections available to it, if any, under Miss. Code Ann. § 89-2-1 *et seq*.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, and/or statutory and regulatory compliance.

### TWENTY-FOURTH DEFENSE

Defendant denies Plaintiffs suffered any emotional distress or mental anguish as a result of any act or conduct by Defendant.

### TWENTY-FIFTH DEFENSE

Defendant denies that it is liable for any act or omission which directly or proximately caused or contributed to the damages alleged to have been sustained or incurred by Plaintiffs.

### TWENTY-SIXTH DEFENSE

There is no causal relation in fact between the alleged injuries and/or damages sustained by Plaintiffs and any conduct of Defendant.

### TWENTY-SEVENTH DEFENSE

The sole proximate cause, or in the alternative a proximate contributing cause, of Plaintiffs' alleged injuries and/or damages, was the negligence or intentional acts of a party or parties other than Defendant.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' alleged injuries were caused by intervening, superseding, and/or sole proximate cause(s) which had no relation in fact to any conduct of Defendant.

### TWENTY-NINTH DEFENSE

Defendant specifically invokes the doctrines of comparative and/or contributory

negligence.

### THIRTIETH DEFENSE

Defendant denies all liability but, alternatively, is entitled to a comparative apportionment of responsibility, fault, or causation as to Plaintiff, as well as any other defendants, settling defendants, and third parties pursuant to Miss. Code Ann. § 85-5-7 (Supp. 2013). Thus, Defendant reserves its claim(s) for apportionment, contribution, and/or indemnity from any named or unnamed tortfeasors.

### THIRTY-FIRST DEFENSE

To the extent that the negligence of Plaintiffs was a proximate cause, either in whole or part, of Plaintiffs' alleged damages, Defendant affirmatively pleads that Plaintiffs' recovery should be apportioned to the degree to which the negligence of Plaintiffs contributed to Plaintiffs' damages, if any, pursuant to the Mississippi law of comparative negligence and Miss. Code Ann. § 11-7-15 (Supp. 2013).

### THIRTY-SECOND DEFENSE

Defendant fulfilled any and all existing legal duties owed to Plaintiffs under applicable law and/or any applicable agreement, and all of the alleged acts and omissions cited in Plaintiffs' Complaint could only have been the fault or responsibility of a party or parties other than Defendant.

### THIRTY-THIRD DEFENSE

The acts or omissions of the Plaintiffs or others, constituted a proximate contributing cause of the alleged accident and injuries, if any, sustained by the Plaintiffs.

### THIRTY-FOURTH DEFENSE

Plaintiffs' Complaint fails to join an indispensable party pursuant to Miss. R. Civ. P. 19.

### THIRTY-FIFTH DEFENSE

To the extent any of the elements of the damages allegedly sustained by the Plaintiffs are speculative, they are not recoverable.

### THIRTY-SIXTH DEFENSE

Defendant reserves its right to set-off and/or credit for any sums paid to Plaintiffs arising out of this incident.

### THIRTY-SEVENTH DEFENSE

To the extent some or all of the injuries and resulting damages allegedly sustained by Plaintiffs are the result of pre-existing and/or subsequently occurring condition, Defendant has no responsibility or liability for the same.

### THIRTY-EIGHTH DEFENSE

To the extent any of the elements of the damages allegedly sustained by the Plaintiffs are speculative, they are not recoverable.

### THIRTY-NINTH DEFENSE

The allegations of Plaintiffs' Complaint fail to give reasonable notice of facts sufficient to evaluate all of his defenses. For that reason, to the extent applicable, Defendant affirmatively pleads any matter constituting an avoidance or an affirmative defense available to Defendant under Fed. R. Civ. P. 8(c).

### FORTIETH DEFENSE

Defendant affirmatively pleads the defense of assumption of the risk.

### FORTY-FIRST DEFENSE

Defendant affirmatively pleads the defense of estoppel.

### FORTY-SECOND DEFENSE

Defendant affirmatively pleads the defense of failure of consideration.

**FORTY-THIRD DEFENSE**

Defendant affirmatively pleads the defense of release.

**FORTY-FOURTH DEFENSE**

Defendant affirmatively pleads the defense of waiver.

**FORTY-FIFTH DEFENSE**

Defendant hereby reserve the right upon completion of their investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims and/or third party complaints as may be appropriate.

WHEREFORE, Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie demands dismissal of the Complaint, at Plaintiffs' cost, and all other relief, legal and equitable, to which Defendant is entitled.

Respectfully submitted this the 29th day of October, 2021.

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE

By: */s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I electronically filed the

foregoing with the Clerk of the Court using the online ECF system to all counsel of record.

This the 29th day of October, 2021.

<div align="right">

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS

</div>

60351578.v1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                        **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.**

**V.**                                                    **CASE NO: 25CI1:21-cv-00521-EFP**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**                         **DEFENDANT**

### <u>NOTICE OF SERVICE OF DISCOVERY</u>

PLEASE TAKE NOTICE that Plaintiffs, by and through counsel, served their First Set of

Interrogatories and Requests for Production of Documents on Defendant, Great Escapes

Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie.

RESPECTFULLY SUBMTTED, this the 9th day of November, 2021.

/s/ David Baria
David W. Baria (MSB No. 8646)

ATTORNEYS FOR PLAINTIFFS

<u>OF COUNSEL</u>:

COSMICH, SIMMONS & BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
Telephone: 228-242-4987
Facsimile: 601-863-0078
Email: david.baria@cs-law.com

## <u>CERTIFICATE OF SERVICE</u>

I, David Baria, do hereby certify that I have served a true and correct copy of the foregoing

Notice of Service of Discovery with the Clerk of Court using the CM/ECF system, which gave

notice to all counsel of record. Copies of the discovery referenced in the foregoing Notice have

been sent via email to all counsel of record on file with the CM/ECF system.

<div align="right">

/s/ David Baria_____
David W. Baria (MSB No. 8646)

</div>

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                           **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                      **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**            **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

### NOTICE OF SERVICE OF DISCOVERY REQUESTS

NOTICE IS HEREBY GIVEN that Defendant Great Escapes Pelahatchie, LP d/b/a

Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership on this day served

the following upon Plaintiffs:

1. *Defendant Great Escapes Pelahatchie, LP's First Set of Interrogatories to Plaintiff Amy Neeley*;

2. *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Production of Documents to Plaintiff Amy Neeley*; and

3. *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Admission of Documents to Plaintiffs Amy Neeley and David Neeley*.

The undersigned retains the originals of the above documents.

Respectfully submitted this the 11th day of November, 2021.

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a JELLYSTONE PARK
YOGI ON THE LAKE PELAHATCHIE

By: */s/ Anna Little Morris* _____
    BRIAN KIMBALL, MB #100787
    ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I filed the foregoing

via the Court's MEC filing system which served a copy of same to the following counsel of

record:

David Baria, MS Bar # 8646
Cosmich, Simmons & Brown, PLLC
100 Vision Drive
Jackson, MS 39211
david.baria@cs-law.com
Phone: 601-863-2100

J.R. Whaley (pending admission *pro hac vice*)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
jrwhaley@whaleylaw.com
Phone: 225-302-8810

William D. Marler (pending admission *pro hac vice*)
Marler Clark, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
bmarler@marlerclark.com
Phone: 206-346-1888

*Attorneys for Plaintiffs*

This the 11th day of November, 2021.

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS

62138302.v1

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

AMY NEELEY and DAVID NEELEY,                                                PLAINTIFFS
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                                          CASE NO.: 21-521

GREAT ESCAPES PELAHATCHIE, LP d/b/a                                    DEFENDANT
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE, a foreign limited partnership

### NOTICE OF SERVICE OF DISCOVERY REQUESTS

NOTICE IS HEREBY GIVEN that Defendant Great Escapes Pelahatchie, LP d/b/a

Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership on this day served

the following upon Plaintiffs:

1.  *Defendant Great Escapes Pelahatchie, LP's First Set of Interrogatories to Plaintiff Amy Neeley*;

2.  *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Production of Documents to Plaintiff Amy Neeley*; and

3.  *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Admission of Documents to Plaintiffs Amy Neeley and David Neeley*.

The undersigned retains the originals of the above documents.

Respectfully submitted this the 11th day of November, 2021.

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a JELLYSTONE PARK
YOGI ON THE LAKE PELAHATCHIE

By: */s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

### CERTIFICATE OF SERVICE

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I filed the foregoing

via the Court's MEC filing system which served a copy of same to the following counsel of

record:

David Baria, MS Bar # 8646
Cosmich, Simmons & Brown, PLLC
100 Vision Drive
Jackson, MS 39211
david.baria@cs-law.com
Phone: 601-863-2100

J.R. Whaley (pending admission *pro hac vice*)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
jrwhaley@whaleylaw.com
Phone: 225-302-8810

William D. Marler (pending admission *pro hac vice*)
Marler Clark, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
bmarler@marlerclark.com
Phone: 206-346-1888

*Attorneys for Plaintiffs*

This the 11th day of November, 2021.

/s/ Anna Little Morris
ANNA LITTLE MORRIS

62138302.v1

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                      **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                                 **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**                               **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

### NOTICE OF SERVICE OF DISCOVERY REQUESTS

NOTICE IS HEREBY GIVEN that Defendant Great Escapes Pelahatchie, LP d/b/a

Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership on this day served

the following upon Plaintiffs:

1.   *Defendant Great Escapes Pelahatchie, LP's First Set of Interrogatories to Plaintiff Amy Neeley*;

2.   *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Production of Documents to Plaintiff Amy Neeley*; and

3.   *Defendant Great Escapes Pelahatchie, LP's First Set of Requests for Admission of Documents to Plaintiffs Amy Neeley and David Neeley*.

The undersigned retains the originals of the above documents.

Respectfully submitted this the 11th day of November, 2021.

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a JELLYSTONE PARK
YOGI ON THE LAKE PELAHATCHIE

By: */s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I filed the foregoing

via the Court's MEC filing system which served a copy of same to the following counsel of

record:

David Baria, MS Bar # 8646
Cosmich, Simmons & Brown, PLLC
100 Vision Drive
Jackson, MS 39211
david.baria@cs-law.com
Phone: 601-863-2100

J.R. Whaley (pending admission *pro hac vice*)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
jrwhaley@whaleylaw.com
Phone: 225-302-8810

William D. Marler (pending admission *pro hac vice*)
Marler Clark, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
bmarler@marlerclark.com
Phone: 206-346-1888

*Attorneys for Plaintiffs*

This the 11th day of November, 2021.

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS

62138302.v1

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**              **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                        **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**        **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

---

### MOTION TO TRANSFER VENUE
### BY DEFENDANT GREAT ESCAPES PELAHATCHIE, LP

---

Pursuant to Miss. R. Civ. P. 82 and Miss. Code Ann. § 11-11-3(1)(a)(i), Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"), files this Motion to Transfer Venue of this action filed by Plaintiffs Amy Neeley and David Neeley, individually and on behalf of their minor child, J.N. (collectively, "Plaintiffs"). In support of this Motion, Defendant states as follows:

1.      Plaintiffs filed this lawsuit here in the Circuit Court of Hinds County, Mississippi. *See generally* Compl. (Doc. No. 2).

2.      However, venue is not proper in Hinds County. Instead, venue is proper in Rankin County, where *all* of the alleged acts, omissions, and events occurred that caused the injuries for which Plaintiffs seek recovery in this lawsuit. *See* Miss. R. Civ. P. 82(b); Miss. Code Ann. § 11-11-3(1)(a)(i).

3.      Because venue is not proper in this Court under the applicable statute and procedural rule, Defendant respectfully requests that the Court transfer this case to the Circuit Court of Rankin County, Mississippi. *See* Miss. R. Civ. P. 82(d).

4.      In support of this Motion, Defendant relies upon the Memorandum filed

contemporaneously herewith.

WHEREFORE, Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on

the Lake Pelahatchie requests that the Court grant its Motion to Transfer Venue to the Circuit

Court of Rankin County, Mississippi.

Respectfully submitted this the 16th day of November, 2021.

<div style="margin-left:40%">

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE

By: */s/ Anna Little Morris*
   BRIAN KIMBALL, MB #100787
   ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

</div>

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I electronically filed

the foregoing with the Clerk of the Court using the online ECF system to all counsel of record.

This the 16th day of November, 2021.

<div align="right">

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS

</div>

62199578.v1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                    **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                            **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**                            **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

---

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE
### BY DEFENDANT GREAT ESCAPES PELAHATCHIE, LP

---

Pursuant to Miss. R. Civ. P. 82 and Miss. Code Ann. § 11-11-3(1)(a)(i), Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"), hereby submits this Memorandum in Support of its Motion to Transfer Venue of this action filed by Plaintiffs Amy Neeley and David Neeley, individually and on behalf of their minor child, J.N. (collectively, "Plaintiffs").

Because venue is not proper in this Court under the applicable statute and procedural rule, Defendant respectfully requests that the Court transfer this case to the Circuit Court of Rankin County, Mississippi.

### FACTUAL BACKGROUND

Plaintiffs claim they visited Jellystone Camp Park and Resort ("Jellystone Park"), located in Pelahatchie, Rankin County, Miss., from July 30 to August 1, 2021. *See* Compl. (Doc. No. 2) at ¶¶ 14-15. Plaintiffs claim their minor child, J.N., swam in the pool and used the splash pad at Jellystone Park, and soon thereafter, J.N. suffered "symptoms of gastrointestinal distress" after arriving home (in Jackson, Hinds County, Miss.) from the trip. *Id.* at ¶¶ 15-17. On August 5, 2021, Plaintiffs took J.N. to a pediatrician in Flowood, Rankin County, Miss., where J.N.'s stool tested

positive for *E. coli* O157. *Id.* at ¶¶ 17-18.

Plaintiffs filed this lawsuit against Defendant, the owner of Jellystone Park, asserting counts of "negligence/strict liability" and "premises liability." *Id.* at ¶¶ 20-38. Plaintiffs allege "J.N.'s *E. coli* O157 infections, injuries and damages were directly and proximately caused by bacterial transmission via Defendant's facility's pool water – a hazardous condition caused by Defendant's negligence." *Id.* at ¶ 38. Plaintiffs claim Defendant's "unreasonable failure to exercise reasonable care … caused the recreational water […] to become contaminated, […] thereby creating a hazardous condition on the premises" at Jellystone Park. *Id.* at ¶ 37.

Plaintiffs filed this lawsuit here in the Circuit Court of Hinds County, Mississippi. *See generally* Compl. (Doc. No. 2). However, venue is not proper in Hinds County; instead, venue is proper in Rankin County, where all of the alleged acts, omissions, and events occurred that caused J.N.'s injuries. *See* Miss. R. Civ. P. 82; Miss. Code Ann. § 11-11-3(1)(a)(i).

Defendant requests that the Court grant the instant Motion to Transfer Venue.

## LAW AND ARGUMENT

I. **Under the statute and procedural rule, venue must be in Rankin County, Miss.**

The Mississippi Rules of Civil Procedure direct that "venue of all actions shall be as provided by statute." Miss. R. Civ. P. 82(b). As such, the Mississippi venue statute provides in relevant part:

> **Civil actions of which the circuit court has original jurisdiction shall be commenced in the county** where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county **where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.**

Miss. Code Ann. § 11-11-3(1)(a)(i) (emphasis added).[1]

---

[1] Plaintiffs' Complaint alleges that Defendant is a Mississippi resident. *See* Compl. (Doc. No. 2) at ¶ 2. This is not correct. Great Escapes is a Texas resident. *See* Answer and Affirmative Defenses (Doc. No. 5) at ¶ 2 (explaining Great Escapes has one partner, Great Escapes Pelahatchie Management, LLC ("GEPM"); explaining GEPM has one member

The venue statute is, by its very terms, mandatory. *Id.* ("shall be commenced"). Mississippi courts have emphasized that the statute is compulsory, not optional. *Allstate Ins. Co. v. Millsaps*, 296 So.3d 163, 183 (Miss. App. 2020) (quoting the venue statute to note its "intent and mandatory wording" that lawsuits "'*shall* be commenced' … in the appropriate venue") (emphasis in *Millsaps*). *See also Baptist Mem. Hospital-Desoto Inc. v. Bailey*, 919 So.2d 1, 3-4 (Miss. 2005) ("The general venue statute, section 11-11-3, is mandatory"; distinguishing the insurance company venue statute, which is permissive: "actions against insurance companies … may be brought in any county in which a loss may occur").

Here, Plaintiffs allege that Defendant's acts and omissions at Jellystone Park led to contaminated recreational water at the park. *See* Compl. (Doc. No. 2) at ¶¶ 20-38. They further allege that their child, J.N., was exposed to that contaminated water while swimming in the park's pool and using the park's splash pad, causing J.N.'s gastrointestinal illness. *Id.* at ¶¶ 15-17.

Clearly, all of the Defendant's "alleged acts or omissions" and all alleged "event[s] that caused [J.N.'s] injur[ies]" occurred at Jellystone Park. *See generally id.* Jellystone Park is located in Pelahatchie, Rankin County, Miss. *Id.* at ¶ 14. Therefore, the venue statute requires that this action "shall be commenced" in Rankin County. Miss. Code Ann. § 11-11-3(1)(a)(i).

Applying the venue statute to the facts asserted by the Plaintiffs, this action should have

---

Ricky L. Jenkins, a Texas citizen). *See also Harvey v. Grey Wolf Drilling Corp.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (citizenship of limited partnership based upon citizenship of its partners; citizenship of LLC based on citizenship of its members). On a related note, the Complaint correctly states that Great Escapes' principal place of business is in Texas. *See* Compl. (Doc. No. 2) at ¶ 2.

However, because venue is clearly proper in Rankin County – the county "where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred" – it is not necessary to establish Defendant's residency or principal place of business in order to identify the proper venue for this case. *See Wilkerson v. Goss*, 113 So.3d 544, ¶ 8 (Miss. 2013) ("Our venue statute lays out four venue options from which plaintiff can choose when filing a lawsuit. While the first two options are based upon where the defendant resides, or if defendant is a corporation, where it has its principal place of business, the second two are based upon where the acts or omissions giving rise to the plaintiff's claim occurred.").

been commenced in Rankin County, and the Court should grant Defendant's Motion to Transfer Venue.

## II.     Venue is not proper in Hinds County. Plaintiffs' residency and where J.N. "developed symptoms" are not relevant.

"Venue is a valuable right possessed by both plaintiff and defendant." *Forrest County Gen. Hosp. v. Conway*, 700 So.2d 324, ¶ 12 (Miss. 1997) (citing cases). In any lawsuit, it is the plaintiff's right to "selec[t] among the permissible venues" under the venue statute; however, courts will not honor the plaintiff's choice of venue where "there is no factual basis for the claim of venue." *Id.* (citation and quotation omitted).

In this case, Plaintiffs' choice of venue in Hinds County has "no factual basis." Specifically, Plaintiffs claim the cause of action "arose and accrued in Hinds County." Compl. (Doc. No. 2) at ¶ 3. However, Plaintiffs' lone allegations concerning Hinds County are (1) that Plaintiffs reside in Hinds County and (2) that, "while in [Hinds County], J.N. developed symptoms" stemming from the *E. coli* exposure that allegedly occurred at Jellystone Park. *See* Compl. (Doc. No. 2) at ¶¶ 1, 16. Neither of these alleged facts change the venue analysis; Hinds County is not a "permissible venue."

*Plaintiff's Residency*

The venue statute explicitly addresses whether and when a plaintiff's residence factors into the venue analysis. Under subsection (b), the statute provides: "If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled." Miss. Code Ann. § 11-11-3(1)(b) (emphasis added).[2]

---

[2] Based on Plaintiff's Complaint, as pleaded, this statutory subsection should not even govern here because the Complaint asserts Defendant is a *resident* of Mississippi. *See* Compl. (Doc. No. 2) at ¶ 2. For reasons discussed in n.

Importantly, this subsection (b) only comes into play **_if_** venue cannot be asserted under subsection (a) – "where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred." *Id.* at § 11-11-3(1)(a)-(b).

As outlined above in Section I, venue **_can_** be asserted here under subsection (a) because all alleged acts, omissions, and events that purportedly caused J.N.'s injuries occurred at Jellystone Park in Rankin County. Therefore, subsection (b) does not determine the venue of this lawsuit. As a result, Plaintiffs' residency is not relevant to the venue analysis.

*Location of J.N. when Symptoms Developed*

The venue analysis does not consider the location where J.N. allegedly developed symptoms. Instead, the venue statute speaks to the location "where a substantial event that ***caused*** the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(i) (emphasis added). All alleged events that *caused* J.N.'s injuries occurred at Jellystone Park in Rankin County. So, venue is proper in Rankin County.

The Mississippi Supreme Court squarely addressed this issue in *Forrest County Gen. Hosp. v. Conway*, 700 So.2d 324 (Miss. 1997). There, parents – on behalf of their minor daughter – sued doctors for medical malpractice. *See id.* at ¶ 1. The doctors had seen and treated the plaintiffs' child in Forrest County, Miss., where those doctors allegedly misdiagnosed the child's disease. *Id.* The child later ended up hospitalized in Hinds County, where she was correctly diagnosed with meningitis. *Id.* at ¶ 7. Plaintiffs filed suit in Hinds County. *Id.* at ¶ 1. The defendant doctors moved to transfer the case to Forrest County on several grounds, including that all of the medical negligence was alleged to have occurred in Forrest County. *Id.* at ¶¶ 3-9.

The Hinds County Circuit Court denied defendants' motion to transfer venue. *Id.* at ¶ 3

---

1, *supra*, this allegation of residency is incorrect. Since Defendant is indeed a nonresident defendant, Defendant addresses this subsection which speaks to venue options over nonresident defendants.

(finding the cause of action "accrued" in Hinds County).

Defendants filed an interlocutory appeal. *Id.* at ¶ 4. On appeal, Plaintiffs argued that venue was proper in Hinds County because "the damages first occurred" there – in other words, Hinds County was where the damages "came into existence as an enforceable claim." *Id.* at ¶¶ 12, 15.[3]

The Supreme Court reversed – finding the "initial damage in the case *sub judice* occurred and accrued in Forrest County when the doctors allegedly" committed the negligence. *Id.* at ¶ 15. "At that point, the *initial* damages occurred." *Id.* (emphasis added). The later events the child experienced at the Hinds County hospital "simply manifested the injury which had already occurred in Forrest County." *Id.* As such, venue was proper in Forrest County, where the negligence first occurred; as the Court pointed out, venue was not proper in Hinds County because "no causative events in this case occurred in Hinds County." *Id.* at ¶ 19.[4]

Turning to this case, similar to *Conway*, the location where J.N. developed symptoms does not affect the venue analysis. The alleged negligence occurred in Rankin County; the alleged *E. coli* exposure occurred in Rankin County. *See generally* Compl. (Doc. No. 2). Whatever symptoms J.N. then experienced in Hinds County "simply manifested the injury which had already [allegedly] occurred" in Rankin County. *Conway*, 700 So.2d at ¶ 15. Venue is <u>not</u> proper in Hinds County. Venue is proper in Rankin County.

---

[3] The *Conway* plaintiffs cited the "enforceable claim" language from a 1943 Mississippi Supreme Court case addressing venue in a libel action, analyzing whether the cause of action accrued where the paper was printed and issued versus where the paper was circulated. *See generally Forman v. Miss. Publishers Corp.*, 14 So.2d 344 (Miss. 1943). The Court held the cause of action accrued where the paper was first published. *Id.*

[4] *Conway* was decided under a previous version of the venue statute. At that time, the venue statute (in relevant part) provided: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue." *Id.* at ¶ 13. The Mississippi Legislature amended the statute in 2004 "to set venue where substantial acts or events causing the injury occurred, not where the cause of action accrued, as was permissible under the former statute." *Wilkerson v. Goss*, 113 So.3d 544, ¶ 6 (Miss. 2013). Even under the arguably broader former statute, the *Conway* Court still limited venue to the county where defendants committed the alleged negligence, even though damages were subsequently experienced by the plaintiff in a different county. *See generally Conway*, 700 So.2d 324. Thus, the reasoning of the *Conway* opinion still applies here. And, *Conway* remains good and binding law. *See, i.e. Carson v. Lindley*, 292 So.3d 212 (Miss. 2020) (citing *Conway*).

## CONCLUSION

Plaintiffs filed this lawsuit in Hinds County. However, under the venue statute, the action should have been filed in Rankin County, the venue where all of the alleged acts, omissions, and events occurred that caused the injuries for which Plaintiffs seek recovery in this action.

Under Mississippi Rule of Civil Procedure 82(d), "[w]hen an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein."

Therefore, Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie requests that the Court grant its Motion to Transfer Venue to the Circuit Court of Rankin County, Mississippi.

Respectfully submitted this the 16th day of November, 2021.

DEFENDANT GREAT ESCAPES
PELAHATCHIE, LP d/b/a
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE

By:  */s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

## <u>CERTIFICATE OF SERVICE</u>

I, Anna Little Morris, one of the attorneys for Defendant Great Escapes Pelahatchie, LP

d/b/a Jellystone Park Yogi on the Lake Pelahatchie, do hereby certify that I electronically filed the

foregoing with the Clerk of the Court using the online ECF system to all counsel of record.

This the 16th day of November, 2021.

<div align="right">
<i>/s/ Anna Little Morris</i>
ANNA LITTLE MORRIS
</div>

62171466.v1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                   **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.,**

**V.**                                                            **CASE NO.: 21-521**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**                            **DEFENDANT**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**

---

### STIPULATION TO EXTEND TIME TO RESPOND

---

The parties by and through undersigned counsel, jointly stipulate to extend the time for

Plaintiffs to respond to Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on

the Lake Pelahatchie's Motion to Transfer Venue. The current deadline for Plaintiffs to respond

is November 26, 2021. The parties now stipulate to a new deadline set for December 3, 2021.

RESPECTFULLY SUBMITTED, this the 22nd of November, 2021.

/s/ David Baria, MS Bar #8646_____

OF COUNSEL:

COSMICH, SIMMONS & BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
Telephone: 228-242-4987
Facsimile: 601-863-0078
Email: david.baria@cs-law.com

J.R. Whaley (pending admission *pro hac vice*)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Office: 225.302.8810
Cell: 225.333.8855
www.whaleylaw.com

William D. Marler (pending admission *pro hac vice*)
Marler Clark, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
T: 206-346-1888
F: 206-346-1898
bmarler@marlerclark.com

*Attorneys for Plaintiffs Amy Neeley, David Neeley, & J.N.*

/s/ Anna Little Morris
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

*Attorneys for Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie*

## CERTIFICATE OF SERVICE

I, David Baria, do hereby certify that I have served a true and correct copy of the foregoing Stipulation to Extend Time to Respond with the Clerk of Court using the CM/ECF system, which gave notice to all counsel of record.

/s/ David Baria
David W. Baria (MSB No. 8646)

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**AMY NEELEY and DAVID NEELEY,**                                         **PLAINTIFFS**
**Individually and on behalf of their minor child,**
**J.N.**

**V.**                                                 **CASE NO: 25CI1:21-cv-00521-EFP**

**GREAT ESCAPES PELAHATCHIE, LP d/b/a**
**JELLYSTONE PARK YOGI ON THE LAKE**
**PELAHATCHIE, a foreign limited partnership**                          **DEFENDANT**

### NOTICE OF SERVICE OF DISCOVERY

PLEASE TAKE NOTICE that Plaintiffs, by and through counsel, served the following on

counsel for Defendant, Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake

Pelahatchie:

Plaintiffs' Responses to Defendant Great Escapes Pelahatchie, LP First Set of Requests for

Admission.

The original of this pleading is being retained by counsel for the Plaintiffs.

RESPECTFULLY SUBMTTED, this the 7th day of December, 2021.

                                        /s/ David Baria
                                        David W. Baria (MSB No. 8646)

OF COUNSEL:

COSMICH, SIMMONS & BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
T: 228-242-4987
F: 601-863-0078
Email: david.baria@cs-law.com

J.R. Whaley (pending admission *pro hac vice*)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Office: 225.302.8810
Cell: 225.333.8855
www.whaleylaw.com

William D. Marler (pending admission *pro hac vice*)
Marler Clark, LLP, PS
1012 First Avenue, Suite 500
Seattle, WA 98104
T: 206-346-1888
F: 206-346-1898
Email: bmarler@marlerclark.com

*Attorneys for Plaintiffs Amy Neeley, David Neeley, & J.N.*

### **CERTIFICATE OF SERVICE**

I, David Baria, do hereby certify that I have served a true and correct copy of the foregoing

Notice of Service of Discovery with the Clerk of Court using the CM/ECF system, which gave

notice to all counsel of record. Copies of the discovery referenced in the foregoing Notice have

been sent via email to all counsel of record on file with the CM/ECF system.

/s/ David Baria
David W. Baria (MSB No. 8646)

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

AMY NEELEY and DAVID NEELEY,  **PLAINTIFFS**
Individually and on behalf of their minor child,
J.N.,

V.  **CASE NO.: 21-521**

GREAT ESCAPES PELAHATCHIE, LP d/b/a  **DEFENDANT**
JELLYSTONE PARK YOGI ON THE LAKE
PELAHATCHIE, a foreign limited partnership

---

### ORDER

---

Before the Court is the Motion to Transfer Venue filed by Defendant Great Escapes Pelahatchie, LP d/b/a Jellystone Park Yogi on the Lake Pelahatchie, A Foreign Limited Partnership ("Great Escapes" or "Defendant"). The parties have informed the Court that Plaintiffs Amy Neeley and David Neeley ("Plaintiffs") do not object to said Motion to Transfer. The Court, having considered the foregoing, finds that the Motion should be granted as unopposed and that this matter should be transferred to the Circuit Court of Rankin County, Mississippi.

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant's Motion to Transfer Venue is hereby GRANTED;

IT IS FURTHER ORDERED that this action shall be transferred to the Circuit Court of Rankin County, Mississippi, and the Hinds County Circuit Court Clerk is hereby directed to transfer this cause, with all pleadings and other papers contained therein, to the Rankin County Circuit Court Clerk.

SO ORDERED, this the ___9___ day of ___December___, 2021.

_____
CIRCUIT COURT JUDGE

Prepared By:

*/s/ Anna Little Morris*
BRIAN KIMBALL, MB #100787
ANNA LITTLE MORRIS, MB #105299
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Phone: 601-985-4487
Fax: 601-985-4500
brian.kimball@butlersnow.com
anna.morris@butlersnow.com

*Counsel for Defendant Great Escapes Pelahatchie,*
*LP d/b/a Jellystone Park Yogi on the Lake*
*Pelahatchie, A Foreign Limited Partnership*

62378954.v1