UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY NEELY AND DAVID NEELY, INDIVIDUALLY                               PLAINTIFFS
AND ON BEHALF OF J.N., ET AL.

V.                                              CIVIL ACTION NO. 3:21-CV-786-DPJ-ASH

GREAT ESCAPES PELAHATCHIE, LP, D/B/A                                  DEFENDANTS
JELLYSTONE PARK YOGI ON THE LAKE; GREAT
ESCAPES PELAHATCHIE MANAGEMENT, L.P., ET AL.

# ORDER

This case is before the Court on Plaintiffs' motion to compel [320]. As explained below, Plaintiffs' motion is denied without prejudice.

I.  Facts and Procedural History

The First Amended Complaint [13] alleges that Plaintiffs were infected with E. coli while visiting the swimming pool and splash pad at Jellystone Park Yogi on the Lake Pelahatchie, which is owned and/or operated by one or more Defendants, in July and August 2021. Plaintiffs assert negligence and premises-liability claims.

In their current motion, Plaintiffs ask the Court to require Defendants to produce a video from a 2020 drowning incident at Jellystone and to comply with Plaintiffs' proposed revised ESI protocols. Plaintiffs filed no memorandum in support of their motion and no good-faith certificate. Defendants Leisure Systems, Inc. [336] and the Great Escapes entities [340] responded in opposition to Plaintiffs' motion. Despite obtaining an extension within which to do so, Plaintiffs failed to file a reply.  *See* Feb. 16, 2024 Text-Only Order.

II.     Analysis

Plaintiffs' motion is procedurally deficient in several respects. First, Plaintiffs failed to file a memorandum in support as required by Local Rule 7(b)(4), which provides: "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion." Plaintiffs' motion also fails to attach a Good Faith Certificate as required by Local Rule 37(a): "A Good Faith Certificate . . . must be filed with all discovery motions."[1] Most importantly, the motion fails to comply with Local Rule 37(b), which states that a discovery motion

> must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, and must state:
>
> (1) the specific objection;
>
> (2) the grounds assigned for the objection (if not apparent from the objection itself)[;] and
>
> (3) the reasons assigned as supporting the motion.

Under Local Rule 37(c), "[f]ailure to comply with [Local Rule 37](b) . . . will result in denial of the motion without prejudice to the party, who may refile the motion in conformity with this rule." Because Plaintiffs' motion fails to comply with these requirements, it is denied without prejudice.

---

[1] A form good-faith certificate is published on the Court's website. *See* https://www.mssd.uscourts.gov/court-info/local-rules-and-orders. Compliance with Section 6(f)(4) of the Case Management Order does not eliminate the independent obligation under Local Rule 37(a) to file a good-faith certificate with all discovery motions.

Should Plaintiffs refile their motion in compliance with the Local Rules and re-urge the ESI-protocol issue, the Court observes that on the current record it is unclear which custodians are in dispute, which search terms are in dispute, the reasons a party finds a custodian and/or term objectionable, and the requesting party's response to those reasons. At a minimum, the Court instructs the movant to chart the disputed and undisputed custodians and terms. The Court also instructs the parties to address in their briefing, on a custodian-by-custodian and term-by-term basis, the reasons for seeking or opposing specific custodians and terms, including any other information that may assist the Court in understanding the parties' positions with respect to the ESI-protocol dispute.

III.  Conclusion

For the reasons stated, Plaintiffs' motion to compel [320] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE