UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY NEELY AND DAVID NEELY, INDIVIDUALLY                                    PLAINTIFFS
AND ON BEHALF OF J.N., ET AL.

V.                                                              CIVIL ACTION NO. 3:21-CV-786-DPJ-ASH

GREAT ESCAPES PELAHATCHIE, LP, D/B/A                                       DEFENDANTS
JELLYSTONE PARK YOGI ON THE LAKE; GREAT
ESCAPES PELAHATCHIE MANAGEMENT, L.P., ET AL.

ORDER

Defendants Great Escapes Pelahatchie, LP; TJO 10x10 Management, L.P.; Great Escapes Pelahatchie Management, L.P.; Ricky Jenkins; and The Jenkins Organization, Inc. (collectively, "Great Escapes") ask the Court to quash the subpoena *duces tecum* issued to Rackspace Technology. Mot. [321]. As explained below, Great Escapes' motion is granted.

I.      Facts and Procedural History

The Amended Complaint alleges that Plaintiffs were infected with E. coli while visiting the swimming pool and splash pad at Jellystone Park Yogi on the Lake Pelahatchie, which is owned and operated by one or more of the Great Escapes defendants, in July and August 2021. Plaintiffs assert negligence and premises-liability claims.

The current motion concerns Great Escapes' email communications. According to the movants, "[t]hroughout the two years of discovery in this matter, . . . Great Escapes . . . ha[s] (i) collected 1,178,503 email communications and attachments from 24 different custodians[,] (ii) filtered the collections using search terms agreed to by Plaintiffs' counsel[,] and (iii) spent hundreds of hours reviewing extracted data and producing responsive, relevant, and non-privileged email communications." Defs. Mem. [340] at 5 (bold typeface and footnote omitted). Plaintiffs nevertheless issued a subpoena to Rackspace Technology, a third-party host Great

Escapes previously used to house its email. In December 2022, Rackspace's email servers suffered a data breach. Plaintiffs' subpoena asks Rackspace to produce to defense counsel "[a]ny and all email data or archive data recovered after February 14, 2023[,] from the December 2, 2022 data breach . . . for all emails maintained under the customer account or accounts for" Great Escapes. Subpoena [326-2] at 5. If Rackspace complies with the subpoena, Plaintiffs then expect defense counsel to assess whether "new email data beyond what was previously provided is available" and produce it. Pls. Resp. [327] at 4.

Rackspace objected to the subpoena, Objs. [321-1], and Great Escapes moved to quash it, Mot. [321]. That motion is fully briefed.

II.     Analysis

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery and provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under Rule 45(d)(3)(A), a court must modify or quash a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Great Escapes says Rackspace is prohibited from complying with the subpoena under the Stored Communications Act, which "governs the privacy of stored electronic (also referred to as Internet) communications in the United States." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249–50 (5th Cir. 2017) (footnote omitted). The SCA prohibits "a person or entity providing remote computing service to the public" from "knowingly divulg[ing] to any person or entity the contents of any communication which is carried or maintained on that service." 18 U.S.C. § 2702(a)(2). The statute contains some exceptions, but "[t]he exceptions listed in the statute do not include a civil subpoena issued under Rule 45." *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, No. 2:07-CV-119, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008); *accord Williams v. AT&T Corp.*, No. 15-3543, 2016 WL 915361, at *3 (E.D. La. Mar. 9, 2016) ("[T]he SCA does not permit providers to release the content of subscriber communications in response to civil subpoenas."); *Alcala v. Webb County*, No. 08-128, 2009 WL 10693897, at *2 (S.D. Tex. Nov. 25, 2009) (same). Plaintiffs never address the SCA. Nor do they dispute that the subpoena seeks the contents of stored electronic communication. The Court finds the SCA prohibits Rackspace from complying with the subpoena. Great Escapes' motion to quash [321] is therefore granted.[1]

---

[1] Great Escapes' Chief Information Officer's Declaration explains that he obtained all the emails Rackspace recovered following its data breach and provided those to defense counsel for appropriate production in this lawsuit. Requiring Rackspace to produce what it has already turned over to Great Escapes, which has responded to first-party discovery, is not an acceptable use of Rule 45. *See Wilemon Found., Inc. v. Wilemon*, No. 1:19-CV-136-GHD-DAS, 2021 WL 1649507, at *5 (N.D. Miss. Apr. 27, 2021) ("If documents are available from a party, 'it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them' pursuant to Rule 45." (quoting *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. 09-114, 2011 WL 13135608, at *2 (S.D. Tex. June 28, 2011))). Additionally, the subpoena is overly broad in seeking all email and archive data for customer accounts for "Great Escapes, TJO, and 10x10" without any limitation to the issues in this case. The Court would quash the subpoena for these additional reasons.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Great Escapes' Motion to Quash [321] is granted.

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2024.

                                        s/ *Andrew S. Harris*
                                        UNITED STATES MAGISTRATE JUDGE