UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY NEELY and DAVID NEELY
Individually and on Behalf of J.N., et al.                                                PLAINTIFFS

V.                                               CIVIL ACTION NO. 3:21-CV-786-DPJ-ASH

GREAT ESCAPES PELAHATCHIE, LP,
d/b/a Jellystone Park Yogi on the Lake, et al.                                   DEFENDANTS

ORDER

This case is brought by seven children, with their families, who say they contracted a dangerous strain of *E. coli* from ill-maintained swimming pools at a campground. Defendants Great Escapes Pelahatchie, LP; TJO 10x10 Management, LP; and Great Escapes Pelahatchie Management, LLC (collectively "the Park"); along with Defendant Ricky Jenkins individually, ask the Court to order seven trials, one for each Plaintiff. Defs.' Mot. [498]. They alternatively suggest trying damages separately or at least in two groups based on the severity of infections. *Id.* Plaintiffs oppose separating the liability trials but agree to sever damages from liability during the first trial. Pls.' Resp. [502] at 4.

The Court will not conduct seven repetitive trials but agrees damages should be severed from liability. The Court will decide how those damages cases should proceed after the verdicts on liability (if necessary). And because the damages issues will be bifurcated from liability, the Court defers ruling on the motions to strike the damages experts. Those motions [410, 438, 443, 447] are terminated for administrative purposes but will be reinstated should a jury return a verdict that makes the expert testimony relevant.

I.   Standard

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, and third-party claims."  "To effect the salutary purposes of this rule it is clear that the trial Court must have broad discretion to determine what will further convenience or avoid prejudice."  *Rossano v. Blue Plate Foods, Inc.*, 314 F.2d 174, 176 (5th Cir. 1963).  "Whether to conduct separate trials under the Rule is [therefore] 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773–74 (5th Cir. 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008)) (affirming denial of separate trials where four Title VII plaintiffs alleged same modus operandi in "a similar series of transactions that were committed by the same defendant over a relatively short time span").[1]

II.   Analysis

As noted, the Court will sever damages because the damages evidence is individualized and time consuming, a risk of prejudice exists, and the parties agree to that alternative.  But even as to a liability-only phase, Defendants still say Plaintiffs present individualized cases creating "the risk of prejudice and juror confusion."  Defs.' Mem. [499] at 2.  They offer these examples.

> [E]ach Plaintiff must present: (1) proof of testing for the presence of E. coli *on the date Plaintiff was in the water*; (2) proof of chlorine disinfectant in the water *on the date Plaintiff was in the water*; (3) proof the water contained fecal matter that was contaminated with E. coli *at or near the precise time Plaintiff was in the water*; and (4) proof of each Plaintiff's ingestion of contaminated water *at or near the precise time the contamination was present in the water*.

---

[1] Defendants also cite Rule 20(b)'s provision for separate trials to avoid prejudice, but none of their arguments would lead to a different result under that rule compared with Rule 42(b).

Defs.' Mem. [499] at 2.

These may be relevant fact questions, but the Court is not convinced Plaintiffs "must" prove their claims in the exact manner Defendants want. *Id.* Plaintiffs must instead prove the essential elements of their claims, which they can do with "circumstantial evidence of adequate probative value.'" *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 72 (Miss. 2019) (citation omitted and punctuation altered).

And here, Defendants have so far attacked Plaintiffs' circumstantial cases the same way for each Plaintiff. As discussed more in the summary-judgment orders, the Park's main defense is that its water-treatment policies, testing, and records definitively prove the pools contained no *E. coli* the weekend Plaintiffs were infected. Those issues are the same in every case; the Park offered no case-specific evidence or arguments. So too, Plaintiffs' collective summary-judgment response relied on no individualized liability evidence. Separating the trials would require Defendants and Plaintiffs to repeat their core evidence (including expert testimony) seven times. That's inefficient and unnecessary.

That said, Defendants themselves may wish to delve into the fact questions they identify. But the risk of resulting jury confusion and prejudice is not compelling because the juries would likely hear about each Plaintiff's case even if the cases were tried separately. Plaintiffs' experts conclude that the pools were the infectious source because the seven Plaintiffs (plus four more swimmers) all contracted the same *E. coli* strain and the only common exposure was the Park's pools during the same three-day period. Plaintiffs therefore hope to implicate the pools by eliminating all other potential common sources for each of the eleven people who were infected. And that would require proof in each case about each swimmer's actions and resulting infections.

When "each [plaintiff's] claim and evidence presented was relevant to the others' allegations," denial of separate trials is proper. *Alaniz*, 591 F.3d at 774.

Because the evidence would substantially overlap anyway, the confusion and prejudice arguments are less compelling—at least after damages are severed. On the other hand, seven trials based on the same core evidence would be more time-consuming and costly and would also create the risk of inconsistent verdicts. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (noting "pragmatic basis" for limiting separate trials—"if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results").

III.  Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not alter the outcome. Defendants' motion to sever is granted as to the alternative request for separate damages trials but is otherwise denied. The Court will determine how the damages cases are tried after the liability verdict, if necessary.

Finally, the Court denies without prejudice the motions [410, 438, 443, 447] to strike expert witnesses. These designated experts each address Plaintiffs' damages, including their expected long-term prognoses, life-care planning, and economic calculations. If a jury returns a verdict that makes the disputed testimony relevant, then the Court will reinstate those motions and consider them.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2024.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE